UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **JAMES B. MURPHY,** | **CIVIL ACTION NO. 5:25-CV-242-KKC** |
|     **Plaintiff,** | |
| V. | **MEMORANDUM ORDER** |
| **DERRAN C. BROYLES, et al.** | |
|     **Defendants.** | |

\*\*\* \*\*\* \*\*\*

Plaintiff James B. Murphy is an inmate at the Pulaski County Detention Center ("PCDC"). Proceeding without counsel, Murphy filed a 42 U.S.C. § 1983 civil rights complaint against various officials at the Scott County Detention Center ("SCDC"), where Murphy was previously confined. The Court conducts a preliminary review of Murphy's § 1983 complaint because he asserts claims against government officials and because he has been granted *in forma pauperis* status in this action. *See* 28 U.S.C. §§ 1915(e)(2); 1915A. In such cases, a district court must dismiss any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*. Because Murphy is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Murphy names the following defendants: (1) Derran Broyles (Scott County Jailer); (2) Seargent Bentley (Shift Leader); (3) Captain Cannon (Security Captain); (4) "Bear" (Deputy Jailer); (5) Lieutenant Umar (Shift Leader); (6) Corrections Officer Gill (Security Officer); (7) C.

Gee (SHP Nursing Staff); (8) Charge Nurse Elizabeth (SHP Nurse Supervisor); (9) Kellwell Food & Commissary (Contract Food Company); (10) Corrections Officer Venton (Security Officer); and (11) C/O LaFiever.  Per correspondence dated July 23, 2025, Murphy notified the Court that he had been moved to the PCDC.  (R. 4).  The PCDC's publicly available website indicates that Murphy was booked into that facility on June 22, 2025.  *See* https://omsweb.public-safety-cloud.com/jtclientweb/jailtracker/index/PULASKI_COUNTY_KY (last accessed Sept. 5, 2025).

Murphy alleges that, on June 16, 2025, another inmate punched him and threw a walker at him.  (R. 1 at 3).  Murphy asserts that Lieutenant Umar was told in advance that other inmates planned to assault Murphy but refused to move him to a different area.  *Id.*  He also contends that Correctional Officer LaFiever "assaulted after he had [Murphy] handcuffed behind [his] back" and Lieutenant Umar threw Murphy's smashed glasses in the trash.  *Id.* at 4.  Murphy additionally alleges that Umar patted an officer on the back after that officer "slammed [Murphy's] face in the mirror."  *Id.* at 6.

Murphy contends that, at the time he drafted the complaint, he was being housed "in a drunk holding tank on the floor" despite his medical issues with his hips and back.  *Id.* at 4.  According to Murphy, he experienced pain every time he got up to eat or obtain his medications.  *Id.*  Murphy also alleges that Deputy Jailer "Bear" screams, cusses, slammed his food flap, and does not take inmates' safety and security seriously.  *Id.* at 4, 6.

Murphy alleges that Jailer Broyles and Nurse Elizabeth will not allow inmates to use prostheses or CPAP machines unless they go "in the hole."  *Id.* at 4.  He also contends that Broyles does not provide handicap facilities such as showers, railing, and wheelchair-accessible tables.  *Id.*

2

at 5. Additionally, Murphy alleges that Broyles never talks to the inmates, does not provide notice of the PREA, and allows staff to verbally abuse inmates. *Id.*

Murphy asserts that the defendants' actions violated his constitutional rights to due process, access to the courts, and to be free from cruel and unusual punishment and excessive force. *Id.* at 5. He also alleges that the defendants have violated the "Rules for Jails and Prisons for Handicap[ped] Inmates per the [Americans with Disabilities Act]." *Id.* For relief, he wants the defendants to "fix the deficiency with the [ADA]," "to get the failure to protect issues resolved," to place him in protective custody, and place him in a "medical pod." *Id.* at 10. He also asks that Defendants Umar and LaFiever be required to pay for his glasses and seeks punitive damages against Umar and LaFiever in the amount of $1,000.00 each for "every day they had [Murphy] in the hole." *Id.*

Murphy's claims against Defendants Bentley, Cannon, Gill, Gee, Venton, and Kellwell Food & Commissary must be dismissed. That is because defendants "can only be held liable for their own conduct" under 42 U.S.C. § 1983. *See DeCrane v. Eckart*, 12 F.4th 586, 604 (6th Cir. 2021). Murphy does not mention these defendants in the substantive allegations of his complaint and therefore has not adequately alleged that these defendants violated his constitutional or federal statutory rights. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, Murphy's complaint includes various allegations against "the defendants," and "they" or "them." *See* R. 1 at 4, 6. Such allegations are insufficient to state a cognizable claim because they fail to put any particular defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *See id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Murphy also fails to state a cognizable claim against Defendant Bear. While Murphy alleges that Bear screams, cusses, and slammed his food flap, "verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corrs.*, 499 F. App'x 453, 455 (6th Cir. Sept. 7, 2012). And to the extent Murphy alleges that Jailer Broyles and Nurse Elizabeth discouraged or prohibited the use of prostheses and CPAP machines, Murphy does not allege that he had a medical need for either type of device. *See, e.g., Crawford v. United States Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (citations and quotation marks omitted)).

All of these claims (as well as Murphy's remaining claims against Defendant Broyles) are due to be dismissed for another reason. With the exception of Defendants Umar and LaFiever, Murphy seeks only injunctive relief from officials at the SCDC. However, Murphy's transfer to the PCDC renders his requests for injunctive relief moot. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding that the inmate's facility transfer mooted his request for injunctive relief where the inmate's claims were directed specifically towards his prior facility's policies and procedures); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [allegedly violated his constitutional rights]").

That being said, Defendants Umar and LaFiever will be required to respond to Murphy's allegations against them. Since Murphy is a prisoner who is proceeding *pro se* and has been

granted pauper status, the Clerk's Office and the United States Marshals Service will be directed to assist him in serving Umar and LaFiever with a summons and copy of the complaint.

Based on the foregoing, it is **ORDERED** as follows:

1. Murphy's claims against Defendants Broyles; Bentley; Cannon; "Bear"; Gill; Gee; Nurse Elizabeth; Kellwell Food & Commissary; and Venton are **DISMISSED**. These defendants are terminated as parties to this action.

2. The Clerk is directed to add C/O LaFiever as a defendant.

3. Murphy may **PROCEED** with his claims for monetary relief against Defendants Umar and LaFiever.

4. A Deputy Clerk shall prepare two (2) "Service Packets" for service upon Defendants Umar and LaFiever. The Service Packets shall include:

    a. a completed summons form;

    b. the complaint and its attachments (R. 1 and attachments 1-2);

    c. the Order dated August 13, 2025 (R. 7);

    d. this Order; and

    e. a completed USM Form 285.

5. A Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

6. The USMS is directed to personally serve Lt. Umar and C/O LaFiever at the Scott County Detention Center through arrangement with that facility.

7. The next step in the litigation is for Defendants Umar and LaFiever to answer or otherwise respond to Murphy's complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure.

8. Finally, Murphy must immediately advise the Clerk's Office, in writing, of any change in his mailing address. If Murphy fails to do so, the Court will dismiss his case.

This 5th day of September, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY