UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **JAMES BARRY MURPHY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 5:25-CV-00242-KKC-MAS |
| | ) |
| **DERRAN C. BROYLES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff Barry Murphy ("Murphy"), proceeding *pro se*, filed a motion requesting the appointment of counsel. [DE 34]. This being a civil case, Murphy has no constitutional or statutory right to the appointment of counsel. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted). Determining exceptional circumstances requires considering the type of case involved, the factual and legal complexities of the case, and the plaintiff's ability to represent themselves. *Id.*

In support of his request, Murphy generally argues that he requires appointment of counsel due to the great likelihood of his success with appointed counsel; the complexity of the involved discovery, which he claims will require depositions; and the "full blown legal team" hired to defend his claims. [DE 34].

"[T]he difficulties a prisoner-litigant may have in conducting discovery do not warrant appointment of counsel, without more." *LaPine v. City of Detroit*, No. 19-13165, 2020 WL 7770891, at *1 (E.D. Mich. Dec. 30, 2020); *see id.* ("Difficulties in preparing the case and conducting discovery 'are present in every prisoner civil rights case' and such difficulties are not to be considered as necessitating appointment of counsel." (quoting *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009))). Limited access to witnesses and documents as well as not wholly understanding legal concepts is standard in *pro se* cases even accounting for the deference given to *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

Thus far, Murphy has handled this matter with limited issue: for instance, he has made the instant motion and accurately cited to case law in other submissions. Where, as here, the *pro se* party requesting counsel has shown himself capable of presenting his case, courts have not permitted the appointment of counsel. *See Bush v. Dickerson*, No. 16-6140, 2017 WL 3122012, at *4 (6th Cir. May 3, 2017) (finding that the district court did not abuse its discretion in denying request for counsel where inmate, despite limited access to legal materials, had shown himself capable of presenting his case). Furthermore, the competency of opposing counsel or the likelihood of success of the case with appointed counsel typically are not considerations in a court's analysis of the necessity of appointed counsel in a civil case. Therefore, the Court will deny Murphy's request to appoint him counsel.

In his Motion, Murphy also demonstrated some confusion as to whether Defendant C/O Lafever was still a defendant to this case. In relevant part Murphy writes "Lafever was put in as a Defendant but fails to comply with said court order . . . ." [DE 34, Page ID# 33–34]. The Court would like to take this opportunity to provide some clarification for Murphy. Although Judge Caldwell determined in the initial screening of Murphy's Complaint that the claims against C/O Lafever could proceed [DE 8], Murphy later filed an Amended Complaint, that alleged that Lafever used excessive force against him when he "stood [him] up" and cursed at him. [DE 12; DE 15, Page ID# 115]. During the screening of the Amended Complaint, the Court concluded that Lafever's alleged verbal harassment did not constitute a valid § 1983 claim for relief. [DE 15, Page ID# 115]. Resultingly, the Court dismissed the claim against Lafever and he was terminated as a party to the instant action, which is why he is no longer participating in this case. [DE 15, Page ID# 119].

For the reasons stated herein, **IT IS ORDERED** that Murphy's Motion for Appointment of Counsel [DE 34] is **DENIED**.

Signed this the 20th of February, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY