**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| JAMES BARRY MURPHY,    ) | |
| ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | NO. 5:25-CV-00242-KKC-MAS |
| ) | |
| DERRAN C. BROYLES, *et al.*,    ) | |
| ) | |
| ) | |
| Defendants.    ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Plaintiff James Murphy ("Murphy"), proceeding *pro se*, filed a Complaint that alleges civil rights violations occurred during his time as an inmate at the Scott County Detention Center.  [DE 1].  Pursuant to 28 U.S.C. § 1915, District Judge Caldwell screened Murphy's initial Complaint and dismissed multiple defendants, leaving only Lieutenant Umar and C/O Lefever as defendants.  [DE 8].  Shortly thereafter, Murphy filed an Amended Complaint.  [DE 12].  Again, Judge Caldwell screened the Complaint, this time dismissing excessive force claims against C/O Lefever for failing to state a valid claim for relief under § 1983.  [DE 15].  Now, only the excessive force claims against Lieutenant Umar remain in this action.  Umar filed an Answer to the Amended Complaint on November 5, 2025.  [DE 23].  That same day, Judge Caldwell referred the instant action to the undersigned to conduct all pretrial proceedings, including overseeing the discovery process and preparing

proposed findings of fact and conclusions of law with respect to any dispositive motions.  [DE 24].

On January 7, 2026, Murphy submitted correspondence to the Court.  [DE 29].  In relevant part, Murphy wrote,

> Cause the video and all the evidence in this case can not be disputed, cause the excessive use of force was uncalled for and abusive by all, I would like to request from the Honorable Karen K. Caldwell for a Declaratory/Summary Judgment for the 800,000 Eight Hundred Thousand Dollars to be tendered within 15 business days after the Court Order would be given and granted.

[DE 29, Page ID# 182].  Murphy did not offer any further comment, argument, or evidence in support of his statement.  On January 28, 2026, Umar filed a Response to Murphy's Motion for Summary Judgment.  [DE 32].   Like Defendant Umar, the Court will construe Murphy's letter as a motion for summary judgment.  For the reasons set forth below, it is recommended that Murphy's motion be denied without prejudice as premature.

## I.    ANALYSIS

### A.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine disputes of material fact exist and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  "The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case."  *Bass v. Robinson*, 167 F.3d 1041, 1044 (6th Cir. 1999) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989)).  Once the initial burden is met, the nonmovant must come forward with

"specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The nonmovant may not rest on his pleadings and must instead present affirmative evidence to support his claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986). In considering a motion for summary judgment, the Court views all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986).

Although *pro se* filings are liberally construed, Murphy's status as a *pro se* litigant does not reduce his obligations under Federal Rule of Civil Procedure 56. *See Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) ("[L]iberal treatment of pro se pleadings does not require lenient treatment of substantive law."). Additionally, Sixth Circuit precedent clarifies that timing may be a consideration in the summary judgment analysis. More specifically, "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *see, e.g., Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's . . . affidavit and request or on the court's own initiative without an explicit request from the opposing party."); *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (denying without

prejudice the defendants' motion for summary judgment when it was filed less than a month after the complaint and before any discovery had taken place).

## B.    DISCUSSION

In the instant action, Murphy filed an underdeveloped motion for summary judgment, consisting of one sentence and no expanded argument or support. But, more important to this disposition, Murphy filed the motion for summary judgment before the close of discovery. In fact, discovery has not yet begun, nor is there a scheduling order in place at this point in the litigation. Clearly, the parties have not yet had an opportunity to establish a sufficient record to consider a summary judgment motion. In support of this same argument, Umar avers that he must at least depose Murphy and the deputies present before possessing enough factual information to properly respond to a motion for summary judgment. [DE 32, Page ID# 192].

As stated above, courts throughout the Sixth Circuit have found motions for summary judgment filed before substantial discovery takes place to be improper. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."); *Plott*, 71 F.3d at 1195 ("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."); *Harris v. Jiangsu ASG Earth Env't Prot. Sci. & Tech. Co., Ltd.*, No. 13-44-GFVT, 2014 WL 4661953, at *2–3 (E.D. Ky. Sept. 18, 2014) (collecting cases). Because "the non-movant's responsibility to produce affirmative evidence is contingent on the non-movant having had the

opportunity to conduct discovery," a grant of summary judgment before the close of discovery is premature. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).  In fact, such a motion may be denied as premature on the opposing party's declaration or affidavit under Rule 56(d) or on the court's own initiative, without a party request.  *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011).  Therefore, Murphy's motion is premature, as discovery has not yet commenced and Defendant Umar cannot yet respond.

## II.   CONCLUSION

Accordingly, and for the reasons stated above, it is **RECOMMENDED** that Murphy's motion for summary judgment [DE 29] be **DENIED WITHOUT PREJUDICE as premature**.

Signed this the 20th of February, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY