### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | | |
|---|---|---|
| JAMES BARRY MURPHY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 5:25-CV-00242-KKC-MAS |
| | ) | |
| DERRAN C. BROYLES, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION & ORDER

Plaintiff James Barry Murphy ("Murphy"), proceeding *pro se*, filed a Motion for Default Judgment seeking the entry of a default judgment against C/O Lafever. [DE 37]. In support of his motion, Murphy states that C/O Lafever has failed to file an Answer or respond in any way to his Complaint. A brief glance at the docket shows that this is true; however, C/O Lafever is not a defendant to this action.

During the initial screening of Murphy's first Complaint, Judge Caldwell determined that the claims against C/O Lafever could proceed. On September 30, 2025, Murphy filed an Amended Complaint, which alleged that Lafever used excessive force against him when he "stood [him] up" and cursed at him. [DE 12]. The Amended Complaint became the operative pleading in the case, and all allegations from Murphy's original Complaint were superseded by it. Thus, the Court will look only to the Amended Complaint during the screening process and further

litigation.    During the screening of the Amended Complaint, Judge Caldwell concluded that Lafever's alleged verbal harassment did not constitute a valid § 1983 claim for relief.  [DE 15, Page ID# 115].  As a result, the Court dismissed the claim against Lafever without prejudice[1] and terminated him as a party to the case.  [DE 15, Page ID# 119].  Because C/O Lafever is not a party to the case, he has no duty to respond, and a default judgment cannot be entered against him.  Thus, Murphy's Motion for Default Judgment must be denied as moot.

Turning to a different matter, on March 5, 2026,[2] Murphy filed a separate motion [DE 41] seeking a twenty-one-day extension in which to respond to the Court's Order [DE 33] requiring him to file a discovery schedule and plan by March 9, 2026. In support, Murphy explains that he did not receive the Order until thirteen days after it was entered, which did not leave adequate time for him to learn the requirements of and complete the discovery plan.  Because Murphy requested the extension before the deadline expiration, and has shown good cause for such an extension, this Court shall grant Murphy's motion for an extension.

For the reasons stated herein, **IT IS ORDERED** that Murphy's Motion for Default Judgment [DE 37] is **DENIED** as moot and Murphy's Motion for an

---

[1] A dismissal without prejudice means "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period."  BLACK'S LAW DICTIONARY 537 (9th ed. 2009).

[2] Although the Motion was not received until March 16, 2026, it was dated March 5, 2026; therefore, the Court will deem it filed on March 5, 2026.  *See Brand v. Moley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that, under the prison mailbox rule, a pro se prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court, which the court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence).

Extension [DE 41] is **GRANTED**. Murphy shall have until April 10, 2026, to file a discovery schedule and plan that complies with the requirements of the Court's Order at DE 33.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Murphy's address of record.

      Signed this the 19th of March, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY