**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **JAMES BARRY MURPHY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 5:25-CV-00242-KKC-MAS** |
| | ) | |
| **DERRAN C. BROYLES,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION & ORDER**

On February 11, 2026, Plaintiff Barry Murphy ("Murphy"), proceeding *pro se*, filed a motion requesting the appointment of counsel.  [DE 34].  On February 20, 2026, this Court denied that motion.  [DE 35].  On June 1, 2026, filed a letter requesting the Court reconsider its decision and notifying the Court of his intent to file a formal motion to join additional parties within ten days.  [DE 47].

In his motion to reconsider, Murphy posits that "the discovery issues will be truly hard to comply with due to the issues."  Murphy provides that he is presently incarcerated in Florida and is unsure of when he will be released.  Furthermore, Murphy states that if the Court appoints counsel, he agrees to cover all incurred legal fees in the event of an unfavorable outcome.

As the Court has previously explained, there is no constitutional or statutory right to the appointment of counsel. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir.

1987).  Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted).  When considering whether to grant such a request, the Court considers the type of case involved, the factual and legal complexities of the case, and the plaintiff's ability to represent themselves. *Id.*

Although Murphy renews his argument regarding discovery issues and his present incarceration, these alone do not justify the appointment of counsel in this proceeding.  *LaPine v. City of Detroit*, No. 19-13165, 2020 WL 7770891, at *1 (E.D. Mich. Dec. 30, 2020) ("Difficulties in preparing the case and conducting discovery 'are present in every prisoner civil rights case' and such difficulties are not to be considered as necessitating appointment of counsel." (quoting *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009))).  Additionally, while Murphy's presentation of a possible fee arrangement requiring him to pay appointed counsel in the event of an unfavorable outcome is admirable, it is not for this Court to negotiate or determine contingent fee agreements for litigants.  Nor is it a factor in determining whether to appoint counsel for a *pro se* litigant.  Although the Court appreciates that Murphy has limited knowledge of the law, the same is true of many *pro se* prisoner litigants.  The Court has re-reviewed the Complaint and other pleadings filed so far in this case and adheres to its prior conclusion that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for Murphy.  *See Bush v. Dickerson*, No. 16-6140, 2017 WL 3122012, at *4 (6th Cir. May 3, 2017) (finding that the district court did not abuse its discretion in denying

request for counsel where inmate, despite limited access to legal materials, had shown himself capable of presenting his case).

For the reasons stated herein, **IT IS ORDERED** that Murphy's Motion for Reconsideration of the Court's denial of Murphy's Motion of Appointment of Counsel [DE 47] is **DENIED**.

Signed this the 18th of June, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY